**CITY OF BOSTON et al.,**
**Plaintiffs-Appellants,**

v.

**Claude S. BRINEGAR et al.,**
**Defendants-Appellees.**

**No. 74–1255.**

United States Court of Appeals,
First Circuit.

March 5, 1975.

Peter L. Koff, Asst. Corp. Counsel, and Daniel D. Sullivan, Boston, Mass., for plaintiffs-appellants.

John Silas Hopkins, III, Boston, Mass., with whom Paul B. Galvani, William F. McCarthy, John H. Mason, Ropes & Gray, and Neil L. Lynch, Boston, Mass., were on brief, for Massachusetts Port Authority, defendant-appellee.

Edmund B. Clark, Atty., Dept. of Justice, with whom Wallace H. Johnson, Asst. Atty. Gen., James N. Gabriel, U. S. Atty., Raymond V. Picard, Asst. U. S. Atty., and John J. Zimmerman, Atty., Dept. of Justice, were on brief, for federal defendants-appellees.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

## MEMORANDUM AND ORDER

Plaintiffs, consisting of the City of Boston, Boston residents, and a committee opposed to airport expansion, requested a preliminary injunction to halt runway construction work at Logan International Airport in Boston, and associated relief, under the National Environmental Protection Act, 42 U.S.C. § 4332 (2)(c), and the Airport Development Aid Act, 49 U.S.C. §§ 1701–42. Defendants were the Massachusetts Port Authority, operator of Logan; Perini Corporation, its contractor; and the Secretary of Transportation and official of the Federal Aviation Administration. After an evidentiary hearing the district court denied preliminary relief, and this appeal followed.

Since argument of this appeal, substantially all work on the runways project has been halted by an injunction issued by the Massachusetts Superior Court under authority of the state environmental protection law, Mass.G.L. c. 30, §§ 61, 62. On February 5, 1975, in a comprehensive opinion, the Massachusetts Supreme Judicial Court affirmed both the injunction and the Superior Court's determination that work could not be carried out by the Port Authority in furtherance of the runways project until 60 days following publication of a final environmental impact report complying with state requirements. Secretary of Environmental Affairs v. Massachusetts Port Authority, 1975 Mass.Adv. Sheet ——, 323 N.E.2d 329 (Feb. 5, 1975). Such a report has yet to be completed.

Early this year the United States Department of Transportation (DOT) issued a federal environmental impact statement in essence approving the runways project as environmentally sound. This impact statement has since been presented to the Council on Environmental Quality. Based on its review of the impact statement, DOT has approved (insofar as environmental considerations are concerned) the modified layout plan including the runway project and has granted initial authority for an offer of federal assistance.

■■ The cessation of work on the runways project since this appeal has been under consideration, coupled now with the issuance of the federal environmental impact statement, effectively moots the central question arising on this appeal, namely whether the district court should have preliminarily enjoined work on the runways until a federal environmental impact statement was prepared and considered by DOT. Appellants also requested an order that the FAA adopt regulations requiring the Port Authority, as a fund applicant, to maintain the status quo until an environmental impact statement had been issued and studied. This issue is moot to the extent such regulations would have related to relief against the Port Authority. The necessity of such regulations in the case of fund applicants in general is not an appropriate issue for this court to decide on an appeal from the denial of preliminary relief. Furthermore, since argument of this appeal, DOT has promulgated a regulation (as to which we express no opinion now) providing that implementing instructions issued by agencies under DOT, including the FAA, in connection with a loan or grant "shall limit the actions an applicant may take prior to completion and review of the final statement and approval of the application." Order 5610.1B, par. 4e(2), 39 Fed.Reg. 35234 (Sept. 30, 1974).

We are accordingly ordering dismissal of the appeal. We refrain from passing judgment on the correctness of the district court's action from which the appeal was taken, and in dismissing we do so without prejudice to any other issues concerning the adequacy of compliance with federal environmental requirements under NEPA and the Airport Development Aid Act.

The appeal is dismissed. No costs.